UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

                                          **MEMORANDUM OPINION AND ORDER**
                                        Criminal No. 10-310 ADM/AJB
                                        Civil No. 16-1855 ADM

Kendrick Lee Robbins,

       Defendant.

___

LeeAnn K. Bell, Esq., Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Kendrick Lee Robbins, pro se.

___

## I. INTRODUCTION

On June 3, 2016, Defendant Kendrick Lee Robbins ("Robbins") filed a Motion to Vacate under 28 U.S.C. § 2255 [Criminal Docket No. 56].[1] Robbins argues that his sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), should be vacated because his prior conviction for possession with intent to distribute cocaine never qualified as a serious drug offense under 18 U.S.C. § 924(e)(2)(A)(ii).[2]  For the reasons set forth below, Robbins' Motion is denied.

## II. BACKGROUND

On February 25, 2011, Robbins pled guilty to being a felon in possession of a firearm, in

___

[1] All docket citations are to the Criminal Docket.

[2] Robbins initially argued that his prior conviction for aiding and abetting assault in the 4th degree no longer qualifies as a predicate felony under Johnson vs. United States, 135 S. Ct. 2551 (2015). Robbins has abandoned that argument. See Reply [Docket No. 62] at 1.

violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  See Min. Entry [Docket No. 38]; Indictment [Docket No. 11].  As part of the plea agreement, Robbins and the Government agreed that Robbins qualified as an armed career criminal.  Presentence Investigation at F.2, ¶ 23.  Robbins' predicate felony convictions for purposes of the ACCA are assault in the 1st and 2nd degree, aiding and abetting assault in the 4th degree, and possession with intent to distribute cocaine.  Id. ¶ 23.  The conviction for possession with intent to distribute cocaine qualified as a predicate felony because it was considered a "serious drug offense," meaning it carried a maximum term of imprisonment of ten years or more.

On June 10, 2011, Robbins was sentenced to 180 months imprisonment.  See Sentencing J. [Docket No. 47].  Robbins' 180-month term of incarceration is the mandatory minimum sentence for a felon who unlawfully possesses a firearm and who has three or more prior convictions for committing certain drug crimes or violent felonies.  18 U.S.C. § 924(e)(1). Robbins did not directly appeal his sentence.

### III.  DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice.  See Poor Thunder v. United States, 810 F.2d 817, 821-22 (8th Cir. 1987).  "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any

subsequent collateral proceedings.'" Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Robbins argues that his 2009 conviction for possession with intent to distribute cocaine is not a serious drug offense within the meaning of § 924(e). A "serious drug offense," as defined in § 924(e), is a controlled substance offense "for which a maximum term of imprisonment of ten years or more is prescribed by law." According to Robbins, because his controlled substance conviction had a term of imprisonment of nine years, it is not a "serious drug offense" for ACCA purposes. The Government responds that Robbins' argument is untimely because a one-year statute of limitations applies to § 2255 motions.

Section 2255 includes a one-year limitation provision, which states:

> The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Robbins' sentence became final on June 24, 2011, he had until on June 24, 2012 to bring a timely motion under § 2255(f)(1).[3] Clearly, Robbins' § 2255 motion filed in 2016 is untimely under § 2255(f)(1), and no other subsections of § 2255(f) apply.

---

[3] Because Robbins was sentenced on June 10, 2011, and did not file a direct appeal, his conviction became final on June 24, 2011, when the fourteen-day period for filing a notice of appeal expired. See Fed. R. App. P. 4(b)(1)(A).

Robbins, recognizing that his motion is untimely, raises two arguments to escape the statute of limitations. First, Robbins argues that, as a pro se movant, his pleadings are to be construed "in a board and remedial manner." Crooks v. Nix, 872 F.2d 800, 804 (8th Cir. 1989). This does not save Robbins' motion. Section 2255's statute of limitations does not flex depending on the legal acumen of the litigant.

Robbins' second argument does not fare any better. Robbins argues that under Federal Rule of Civil Procedure 60(d)(3), a court may set aside a judgment for fraud on the court. Robbins contends that his plea agreement is a contract, and since it included an inaccuracy that induced him into acceptance, he may elect to rescind the agreement because there was a "material subversion of the legal process." Reply at 4. Rule 60(d)(3) is not subject to the one-year filing limitation set forth in Rule 60(c)(1). W. Liberty Foods, L.L.C. v. Moroni Feed Co., 1 F. Supp. 3d 951, 959 (S.D. Iowa 2014).

"Rule 60(d)(3) operates as a savings clause, allowing the court to 'set aside a judgment for fraud on the court.'" Guiterrez v. United States, No. 01-331, 2013 WL 3380313, at *3 (D. Minn. July 8, 2013) (quoting Fed. R. Civ. P. 60(d)(3)). Rule 60(d)(3) is appropriately reserved for such extraordinary circumstances involving flagrant misconduct. See id. (collecting cases). The Eighth Circuit has stated that relief under Rule 60(d)(3) for fraud on the court "is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel, and must be supported by clear, unequivocal and convincing evidence." Landscape Props., Inc. v. Vogel, 46 F.3d 1416, 1422 (8th Cir. 1995) (citation and quotation marks omitted). Fraud on the court is narrowly defined as "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent

documents, false statements or perjury." United States v. Smiley, 553 F.3d 1137, 1144 (8th Cir. 2009) (quotation marks omitted).

Robbins' claim does not reach the extraordinary level required for relief under Rule 60(d)(3). Robbins argues that the inaccuracy in his plea agreement—calling the controlled substance conviction a "serious drug offense"when it was not—was perpetrated by the prosecutor, reflecting the Government's clear intention to induce him into accepting the plea agreement by fraudulent representation. However, Robbins was represented by counsel and entered into a plea agreement specifically stating that Robbins qualified as an Armed Career Criminal.

Importantly, contrary to Robbins' argument, at the time Robbins was sentenced, his New Mexico conviction of possession with intent to distribute cocaine did qualify as a "serious drug offense" for ACCA purposes. Robbins was convicted under N.M.S.A. §§ 30-31-20(A)(3) and (B)(1), giving him a basic sentence of nine years imprisonment. See N.M.S.A. § 31-18-15(A)(7). At the time of his conviction, New Mexico authorized courts to vary upward or downward from the basic sentence if mitigating or aggravating circumstances existed. See N.M.S.A. § 31-18-15.1. If aggravating circumstances were present, a sentence up to one-third greater than the basic sentence could be imposed. Id. at § 31-18-15.1(G). Since Robbins' basic sentence was nine years, consistent with § 31-18-15.1(G), the maximum sentence Robbins could have received was 12 years imprisonment.

In United States v. Hill, the Tenth Circuit, which encompasses New Mexico, held that the defendant's prior conviction constituted a "crime punishable by imprisonment for a term exceeding one year" because that "crime carries a maximum penalty of twenty-three months'

imprisonment." 539 F.3d 1213, 1221 (10th Cir. 2008) (emphasis in original). Although the defendant was sentenced to ten months' imprisonment, his presumptive sentence was nine to eleven months, and the state did not seek an upward departure, the conviction still qualified as being punishable by imprisonment for a term exceeding one year because the focus was on the crime itself, not the individual defendant. Id. at 1214, 1219. Hill stated that the "analysis must center on the maximum statutory sentence" for the crime. This approach was consistent with the language of 18 U.S.C. § 922(g)(1)—the statute that criminalizes the possession of firearms for any person convicted of a crime punishable for a term exceeding one year—and the Supreme Court's holding in United States v. Rodriquez, 553 U.S. 377 (2008) that demanded "courts focus on the maximum statutory penalty for the offense, not the individual defendant." Hill 539 F.3d at 1219–1221.

Hill analyzed a Kansas statute, and its reasoning was applied to New Mexico's sentencing statutes in United States v. Romero-Leon, 488 F. App'x. 302, 303–04 (10th Cir. 2012). The question in Romero-Leon was, like Robbins is arguing here, whether a prior conviction constituted a "serious drug offense" when the basic sentence was nine years imprisonment. In applying the rationale from Hill and Rodriquez, the court in Romero-Leon held that because the basic nine year sentence was subject to multi-year enhancements, the conviction was properly classified as a "serious drug offense." Id. at 305. Robbins' controlled substance conviction occurred in 2009. The basic sentence for that offense was nine years imprisonment. At the time, New Mexico authorized sentencing enhancements that pushed the maximum possible term of imprisonment over the ten year threshold. Therefore, consistent with the law at the time, Robbins' conviction constituted a "serious drug offense."

In the time since Robbins was sentenced, Hill was overruled by United States v. Brooks, 751 F.3d 1204 (10th Cir. 2014). Now, in the Tenth Circuit, "in determining whether a state offense [is] punishable by a certain amount of imprisonment, the maximum amount of prison time a particular defendant could have received controls, rather than the amount of time the worst imaginable recidivist could have received." Id. at 1213 (emphasis in original). Thus, if Robbins was convicted of the same offense post-Brooks, it may be that it would not count as a "serious drug offense" under the ACCA.[4] This, however, does not aid Robbins' current claim. Since Brooks is not a Supreme Court opinion that created a "new constitutional rule[] of criminal procedure," Robbins can not invoke its holding to collaterally attack his sentence under § 2255(f)(3). Walker v. United States, 810 F.3d 568, 573–74 (8th Cir. 2016) (quoting Teague v. Lane, 489 U.S. 288, 310 (1989)).

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion

---

[4] "May" is used to identify the possibility that an identical New Mexico conviction today could possibly be considered a "serious drug offense." As the Tenth Circuit has noted, a basic sentence of nine-years may be enhanced if the prosecution gives proper notice to the defendant of potential aggravating factors. See United States v. Romero-Leon, 622 F. App'x. 712, 718 (10th Cir. 2015). The aggravating factors could result in a sentence greater than ten years imprisonment.

7

differently, or that any of the issues raised in Robbins' Petition would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Kendrick Lee Robbins' Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 56] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


  s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 5, 2016.