UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Kendrick Lee Robbins,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 10-310(1) ADM/AJB

_____

Kendrick Lee Robbins, pro se.
_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Kendrick Lee Robbins' ("Robbins") Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 78] ("Motion"). For the reasons set forth below, the Motion is denied.

## II.  BACKGROUND

On February 25, 2011, Robbins entered a plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). See Min. Entry [Docket No. 38]; Indictment [Docket No. 11]. On June 10, 2011, Robbins was sentenced to a mandatory minimum term of 180 months imprisonment. See Sentencing J. [Docket No. 47]. The sentence was an 8-month downward departure from the bottom of the sentencing guideline range.

Robbins is currently incarcerated at the federal correctional institute in Greenville, Illinois ("FCI–Greenville"). His projected release date is February 1, 2024. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/ (last visited Oct. 19, 2020).

Robbins now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

Robbins, age 46, argues that inmates from his facility have contracted COVID-19 and that the Bureau of Prisons is not properly handling outbreaks of the disease. He requests to be released to his mother's home in Minneapolis, Minnesota. He also states that he is his mother's only child. Robbins' mother has submitted a September 30, 2020 letter [Docket No. 79] in support of his release. Ms. Robbins states that she suffers from health issues, is on disability, and needs Robbins' help in caring for her and maintaining her home. She further states that Robbins is the only family member able to assist her, and that if Robbins is not released she will be required to move to a nursing home. Ms. Robbins also states that Robbins has changed and matured while in prison, is remorseful for his past actions, and would have a home, a job, and the support of family if he were released.

### III. DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G.

§ 1B1.13 comment n.1(A)(ii). "Extraordinary and compelling" reasons also include family circumstances in which the caregiver of the defendant's minor children has died or become incapacitated, or where the defendant's spouse or registered partner is incapacitated and the defendant is the only available caregiver. U.S.S.G. § 1B1.13 comment n.1(C). The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Robbins states that the warden of his facility "is not dealing with any compassionate release issues at this time" and told Robbins to "refer [his request for compassionate release] to the courts." Mot. at 3. Robbins does not state when he made his undocumented request to the warden.

Even if Robbins could establish that he has satisfied the exhaustion requirement of § 3582(c)(1)(A), he has not shown extraordinary and compelling reasons warranting a sentence reduction. When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." United States v. Miland, No. 16–0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting United States v. Feiling, No. 3:19–112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10,

2020)); accord United States v. Ramirez, No. 17-10328-WGY, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); United States v. Shamilov, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020). Although Robbins expresses concern about contracting COVID-19, he has not shown that he has a health condition that places him at increased risk of experiencing serious complications from COVID-19. Thus, Robbins has not shown a particularized susceptibility to the COVID-19 virus.

Robbins' family circumstances also do not warrant a sentence reduction. Robbins has not shown that "the caregiver of [his] minor children has died or become incapacitated." U.S.S.G. § 1B1.13 comment n.1(C). Although the Court is sympathetic to the hardship that Robbins' mother faces as a result of his imprisonment, the Sentencing Commission's policy statement does not include the care of a parent as a family circumstance warranting a reduction.

The sentencing factors in § 3553(a) also weigh against reducing Robbins' sentence. These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). Robbins has a lengthy criminal history that includes serious offenses for drugs, guns, and violence. When sentencing Robbins, the Court determined that a downward departure of 8 months to a term of 180 months was necessary to carry out the sentencing goals. Releasing Robbins at this time would undermine these sentencing considerations.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Kendrick Lee Robbins' Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 78] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  October 19, 2020